1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID CHAVEZ, | Case No. 1:24-cv-00095-KES-CDB |
| Plaintiff, | ORDER RE REQUEST FOR RESOLUTION OF DISCOVERY DISPUTE |
| v. | (Doc. 22) |
| BIMBO BAKERIES USA, INC., | |
| Defendant. | |

Currently before the Court is a discovery dispute that the parties have agreed to submit to the Court for adjudication through the Court's informal discovery dispute procedure.

**Background**

Plaintiff David Chavez, formerly employed by Defendant Bimbo Bakeries USA, Inc., asserts claims against Defendant for labor and wage violations, including rest and meal break violations, failure to reimburse, and failure to provide accurate itemized wage statements. (Doc. 1-1). Following Plaintiff's filing of the operative complaint in state court, on January 19, 2024, Defendant removed the case to this Court. (Doc. 1). The parties convened for scheduling conference and the Court entered the operative scheduling order on July 18, 2024. (Docs. 18, 19).

On February 6, 2025, the Court convened with the parties off the record to address discovery disputes relating to certain of Defendant's responses to Plaintiff's requests for

1   production and to Defendant's objections to Plaintiff's Rule 30(b)(6) notice of deposition.  (Docs.

2   22, 23).  Emily Karsik appeared on behalf of Plaintiff and Kathy Gao appeared on behalf of

3   Defendant.  At the beginning of the conference, the parties agreed to resolution of the identified

4   discovery disputes outside the Local Rule 251 formal parameters, agreed to proceed without

5   record, and agreed to abide by an order of the Court after the conference resolving the disputes,

6   subject to seeking review by the assigned district judge pursuant to Fed. R. Civ. P. 72(a) under

7   the "clearly erroneous" or "contrary to law" standards.

8   **Governing Legal Standard**

9      "The purpose of discovery is to make trial less a game of blind man's bluff and more a fair

10   contest with the basic issues and facts disclosed to the fullest extent possible, and to narrow and

11   clarify the issues in dispute."  *Jadwin v. Cnty. Of Kern*, No. 1:07-cv-0026-OWW-TAG, 2008

12   WL 2025093, *1 (E.D. Cal. May 9, 2008) (quotation and citations omitted).  Litigants are entitled

13   to seek from each other discovery of information that is "relevant to the claim or defense of any

14   party."  Fed. R. Civ. P. 26(b).

15      "Rule 26 provides that a party "may obtain discovery regarding any nonprivileged matter

16   that is relevant to any party's claim or defense and proportional to the needs of the case,

17   considering the importance of the issues at stake in the action, the amount in controversy, the

18   parties' relative access to relevant information, the parties' resources, the importance of the

19   discovery in resolving the issues, and whether the burden or expense of the proposed discovery

20   outweighs its likely benefit."  Fed. R. Civ. P. 26(b)(1).  Information need not be admissible in

21   evidence to be discoverable. Fed. R. Civ. P. 26(b)(1).  *See, e.g., Ford v. Unknown*, No. 2:21-cv-

22   00088-DMG-MAR, 2023 WL 6194282, at *1 (C.D. Cal. Aug. 24, 2023) ("Defendants are

23   permitted to discover inadmissible information and bear the risk of asking questions at a

24   deposition that could ultimately be useless at trial.").  "Evidence is relevant if: (a) it has any

25   tendency to make a fact more or less probable than it would be without the evidence; and (b) the

26   fact is of consequence in determining the action."  Fed. R. Evid. 401.  Relevancy is broadly

27   defined to encompass any matter that bears on, or that reasonably could lead to other matter that

28   could bear on, any issue that is or may be in the case.  *Oppenheimer Fund, Inc. v. Sanders*, 437

U.S. 340, 351 (1978). Although relevance is broadly defined, it does have "ultimate and necessary boundaries." *Gonzales v. Google, Inc*., 234 F.R.D. 674, 680 (N.D. Cal. 2006) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)).

**Discussion**

**A. Plaintiff's Request for Production #2, #14, and #24**

The Court agrees with Defendant that Plaintiff's request for production ("RPD") number 2 is vague and overbroad. Excepting Plaintiff's personnel file, the request seeks all files "pertaining to" Plaintiff. (Doc. 22-2 at 7). As Defendant points out (*see* Doc. 22 at 11), virtually all documents in Defendant's possession, custody, and control that pertain to any aspect of its policies and its employees' duties and responsibilities conceivably "pertains" to Plaintiff. Accordingly, Plaintiff will be ordered to serve an amended RPD clarifying the narrowed scope of the request to seek only documents referring to or mentioning Plaintiff by name.

The Court disagrees with Defendant that Plaintiff's RPD #14 is vague and overbroad. That request seeks "internal communications regarding Plaintiff." (Doc. 22-2 at 17). Although Defendant argues such a request may implicate communications that do not pertain to Plaintiff's claims (*see* Doc. 22 at 11), cognizant of the fact that relevance is broadly defined to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case (*Oppenheimer Fund, supra*), the Court finds that communications about Plaintiff are an appropriate subject for discovery. *See U.S. ex rel. Schwartz v. TRW, Inc*., 211 F.R.D. 388, 392 (C.D. Cal 2002) ("Rule 26(b) is liberally interpreted to permit wide-ranging discovery of information even though the information may not be admissible at the trial.") (internal citations omitted). While Defendant retains recourse during pretrial litigation and at trial to argue that information obtained in response to RPD #14 should be excluded as irrelevant or otherwise pursuant to, for instance, Fed. R. Evid. 403, the Court cannot conclude at this point that Defendant's communications with Plaintiff on topics not squarely implicated by Plaintiff's claims necessarily eliminates the relevance of the information sought to be obtained through the RPD. Separately, although Defendant argued in the parties' joint brief that the request was overbroad for Plaintiff's failure to identify ESI custodians with

whom Plaintiff communicated (*see* Doc. 22 at 11), counsel for Defendant did not advance this argument during the conference, but instead, represented that a reasonable ESI search had been or would be conducted and that responsive documents were not being withheld.  Accordingly, Defendant will be ordered to serve amended responses to Plaintiff's RPDs in which it certifies (1) that a reasonable ESI search was conducted, (2) that responsive documents are being produced, and (3) whether any responsive documents are withheld, and if so, on what grounds.

As for RPD #24, the parties initially disputed whether Defendant is required to produce documents pertaining to its employee expense reimbursement policies appliable throughout California, or more narrowly, such policies only applicable to employees working at the same Bakersfield facility and in the same job capacity as Plaintiff.  *Cf.* (Doc. 22 at 4) *with* (Doc. 22 at 8-9).  During the conference, counsel for Defendant represented that Defendant's employee expense reimbursement policies vary from location to location.  When asked by the Court to explain the relevance to Plaintiff's claims of policies applicable at work sites where Plaintiff was not employed, counsel for Plaintiff only offered that such information would be "helpful" to understanding the operation of the policies that applied at Plaintiff's worksite during his employment there.  Accordingly, Defendant's overbreadth objection to RPD #24 is sustained and Defendant shall produce in response to RPD #24 Defendant's employee reimbursement policies and procedures applicable to Plaintiff's job position at Plaintiff's work location during Plaintiff's employment

### B.  Plaintiff's Other Requests for Production

As discussed during the informal discovery dispute conference, the Court agrees with Defendant that Plaintiff's RPD #6 is vague.  Thus, whereas RPD #6 requests documents "showing Plaintiff's requested mileage reimbursement" (Doc. 22-2 at 10), as counsel for Plaintiff confirmed during the conference, the request is intended to target only documents Plaintiff created or transmitted to Defendant seeking mileage reimbursement.  Accordingly, Plaintiff will be ordered to serve an amended RPD clarifying the narrowed scope of the request.

As for Plaintiff's other objections and disputes relating to Defendant's responses to and productions made for RPD #6 - #11, during the discovery dispute conference, counsel for

Defendant confirmed that it had completed a reasonable ESI search responsive to these RPDs, identified responsive documents and is not withholding documents on any of the asserted grounds identified in its responses/objections to Plaintiff's RPD. *See* (Doc. 22-2 at 10-15). Accordingly, Defendant will be ordered to serve amended responses to Plaintiff's RPDs in which it certifies (1) that a reasonable ESI search was conducted, (2) that responsive documents are being produced, and (3) whether any responsive documents are withheld, and if so, on what grounds.[1]

As for RPD #16 for which Defendant agreed to produce only text messages between Plaintiff and Defendant's employees transmitted during the term of Plaintiff's employment (instead of all test messages, including those postdating Plaintiff's termination from Defendant's employ), counsel for Plaintiff during the conference agreed to amend the request to exclude messages outside the dates of Plaintiff's employment.

As for RPD #20 - #23, the Court agrees with Defendant that these requests are vague and overbroad. Each request seeks Defendant's documents "evidencing and/or reflecting policies and procedures pertaining to" performance evaluations and reviews, termination and retaliation. (Doc. 22-1 at 21-24). Counsel for Plaintiff agreed with the Court during the conference that this phraseology implicates the production of documents that likely have no relevance to the disputes at issue. Thus, for instance, an email exchange between two of Defendant's employees merely discussing an aspect of Defendant's policy concerning performance evaluations arguably would be discoverable under the request as phrased, but invariably would have little to no relevance to any claim by Plaintiff relating to his performance evaluation. Accordingly, Plaintiff will be ordered to serve amended RPDs clarifying the narrowed scope of these requests.

**C. Plaintiff's Rule 30(b)(6) Deposition Notice**

Defendant seeks to narrow the scope of four topics that Plaintiff noticed for deposition by Defendant's Rule 30(b)(6) witness (Topic #5, #9, #10, and #11). In general, whereas Plaintiff seeks to elicit testimony about certain of Defendant's policies and procedures that apply

---

[1] The Court addressed with counsel for Defendant its impression that many of the objections asserted by Defendant in its RPD response - particularly relevance objections - appeared wholly unwarranted and "boilerplate." In large part, counsel for Defendant agreed and asserted the objections were included "prophylactically." As such, the Court expects Defendant will in its amended responses to Plaintiff's RPDs ordered herein narrow and invoke relevance objections more judiciously.

throughout California, Defendant argues that only policies and procedures directly applicable to Plaintiff's job position at Plaintiff's work location during his employment are relevant to Plaintiff's claims.

During the conference, counsel for Defendant represented that most of Defendant's policies and procedures at issue in the noticed deposition topics (governing employee business expense reimbursement, performance reviews, probationary periods, and retaliation) are tailored at each of its worksites according to the employee's job position. When challenged by the Court during the conference to explain the relevance of Defendant's business expense reimbursement policy in force at a California facility where Plaintiff never worked, counsel for Plaintiff only offered that having knowledge of the policy would be "helpful" to understanding the operation of any similar policy at Plaintiff's former worksite. However, merely being "helpful" does not demonstrate a tendency to make any fact of consequence more or less probable than it would be without the evidence. Accordingly, the Court sustains Defendant's relevance and overbreadth objections and will require Plaintiff to limit deposition examination pertaining to Topic #5, #9, #10, and #11 to policies and procedures applicable to Plaintiff's job position at Plaintiff's work location during his term of employment.

**Conclusion and Order**

Accordingly, for the reasons set forth above, IT IS HEREBY ORDERED:

1. Within seven (7) days of entry of this order, Plaintiff shall serve on Defendant amended RPDs that clarify the narrowed scope of the following requests as discussed above: RPD #2, RPD #6, RPD #16, and RPD#20 - 24;

2. Within ten (10) days of Plaintiff's service upon Defendant of amended RPDs, Defendant shall serve on Plaintiff amended responses to Plaintiff's amended RPDs in which it certifies where applicable as discussed above: (1) that a reasonable ESI search was conducted, (2) that responsive documents are being produced, and (3) whether any responsive documents are withheld, and if so, on what grounds;

3. Defendant shall produce in response to RPD #24 Defendant's employee reimbursement policies and procedures applicable to Plaintiff's job position at

Plaintiff's work location during Plaintiff's employment; and

4. Plaintiff shall limit deposition examination pertaining to Topic #5, #9, #10, and #11 of his Rule 30(b)(6) deposition notice to policies and procedures applicable to Plaintiff's job position at Plaintiff's work location during his term of employment.

IT IS SO ORDERED.

Dated:  **February 10, 2025**

UNITED STATES MAGISTRATE JUDGE